**Reginald Jackson**
**P.O.Box722460**
**Houston, TX 77272**
reginaldejackson@hotmail.com

United States Courts
Southern District of Texas
FILED

MAY 2 3 2012

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS - HOUSTON

Reginald Earl Jackson             )
                                  )
       Plaintiff,                 ) Case No.:
                                  )
     vs.                          )
                                  )
RJM Aquisitions LLC, Enhanced Recovery ) **Fair Credit Reporting**
                                  ) **Act("FCRA")**
Company LLC, Harley Davidson Credit, )
                                  ) **Fair & Accurate Credit**
Allied Interstate LLC, Global Payments ) **Transaction Act("FACTA")**
                                  )
Inc, I C System Inc, AFS Acceptance, ) **Fair Debt Collections Practices**
                                  ) **Act ("FDCPA")**
Progressive Insurance, Continental )
                                  )
Finance/1st Bank DE, Consumerinfo.com Inc,)
                                  )
Consumer Portfolio Services, Capital One )
                                  )
Auto Finance, The Home Depot/Citibank NA, )
                                  )
Portfolio Management Group/HGG,   )
                                  )
Intersections/Capital One,        )
                                  )
       Defendant                  )

Upon information and belief, and in good faith, Plaintiff Reginald Earl Jackson alleges as follows.

**PRELIMINARY STATEMENT**

1. Plaintiff, Reginald Earl Jackson brings this action for damages based in part, upon Defendants' violation of the **Fair Credit Reporting Act** ("FCRA") codified at 15 U.S.C. § 1681 et seq., the **Fair Debt Collection Practices Act** ("FDCPA"), 15 U.S.C. § 1692 et

Reginald Jackson FCRA/FDCPA/FACTA COMPLAINT - 1

seq., The **Fair and Accurate Credit Transactions Act of 2003 FACT Act or FACTA**, Pub.L. 108-159.

2. Under § 616 of the Act, (15 U.S.C. § 1681n). " An entity that meets the definitional requirement for a "consumer reporting agency" (CRA) in section 603(f) of the FCRA is covered by the law even if the only information it collects, maintains, and disseminates is obtained from "public record" sources.

3. Section 603(f) defines a "consumer reporting agency" (CRA) as any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information...for the purpose of furnishing consumer reports to third parties". In turn, Section 603(d) defines a "consumer report" as the communication of "any information" by a CRA that bears on a consumer credit worthiness, credit rating, credit capacity, character, general reputation, personal characteristics, or mode of living" that is "used or expected to be used or collected in whole or in part" for the purpose of serving as a factor in establishing eligibility for credit or insurance to be used primarily for personal, family or household purposes, employment purposes, or any other purpose authorized under Section (604).

4. A consumer may recover either actual damages or a minimum of $100 and a maximum of $1000 plus punitive damages and reasonable attorney's fees and costs for willful noncompliance with the Act". Under § 617 of the Act, (15 U.S.C. § 1681o), recovery for a negligent violation is of actual damages, plus attorney's fees. Under § 618, a consumer may file suit in state or federal court to enforce the Act, and the statute of limitations is the earlier of 2 years from discovery and 5 years from the violation. (15 U.S.C. § 1681p.

## JURISDICTION

5. The jurisdiction of this court is conferred by 15 U.S.C., 1681(p) and 28 U.S.C. 1331. Venue lies in Harris County in the U.S. District Court, Southern District of Texas-Houston.

## PARTIES

6. Plaintiff, Reginald Jackson. (Hereafter "I", "my", or Plaintiff") is a resident of San Antonio Texas. Plaintiff is a "consumer" as defined by FCRA 1681(a) of the FCRA.

7. Upon information and belief, <u>RJM Aquisitions LLC</u>, is debt collector as defined by the FDCPA 1692a(6), a person as defined by FCRA 1681a(b), a reseller as defined by FCRA 1681a(u) and is a furnisher of information as contemplated by FCRA 1681s-2(a)(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experience with any consumer.

8. Upon information and belief, <u>Enhanced Recovery Company LLC</u> is debt collector as defined by the FDCPA 1692a(6), a person as defined by FCRA 1681a(b), a reseller as defined by FCRA 1681a(u) and is a furnisher of information as contemplated by FCRA 1681s-2(a)(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experience with any consumer.

9. Upon information and belief, <u>Allied Interstate LLC</u>, is debt collector as defined by the FDCPA 1692a(6), a person as defined by FCRA 1681a(b), a reseller as defined by FCRA 1681a(u) and is a furnisher of information as contemplated by FCRA 1681s-2(a)(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experience with any consumer.

10. Upon information and belief, <u>Capio Partners</u>, is debt collector as defined by the FDCPA 1692a(6), a person as defined by FCRA

1681a(b), a reseller as defined by FCRA 1681a(u) and is a furnisher of information as contemplated by FCRA 1681s-2(a)(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experience with any consumer.

11. Upon information and belief, <u>Global Payments Inc</u>, is debt collector as defined by the FDCPA 1692a(6), a person as defined by FCRA 1681a(b), a reseller as defined by FCRA 1681a(u) and is a furnisher of information as contemplated by FCRA 1681s-2(a)(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experience with any consumer.

12. Upon information and belief, <u>I C System Inc</u>, is debt collector as defined by the FDCPA 1692a(6), a person as defined by FCRA 1681a(b), a reseller as defined by FCRA 1681a(u) and is a furnisher of information as contemplated by FCRA 1681s-2(a)(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experience with any consumer.

13. Upon information and belief, Defendant <u>Harley Davidson Credit</u>, is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

14. Upon information and belief, Defendant <u>AFS Acceptance</u>, is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

15. Upon information and belief, Defendant <u>Progressive Insurance</u>, is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business

furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

16. Upon information and belief, Defendant Continental Finance/1st Bank DE, is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

17. Upon information and belief, Defendant Consumerinfo.com Inc, is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

18. Upon information and belief, Defendant The Home Depot/Citibank NA, is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

19. Upon information and belief, Defendant Portfolio Management Group/HGG, is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

20. Upon information and belief, Defendant Intersections/Capital One, is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

**ALLEGATIONS & CAUSE OF ACTION**

21. Plaintiff repeat(s), allege(s), contend(s), assert/reasserts all Defendants have in part (1.) obtain Plaintiff's Credit Report without Plaintiff's permission, (2.) have been reporting and continues to report fraudulent, erroneous, incomplete, inaccurate and misleading personal information concerning Plaintiff's person(s) and business transactions and relations etc., (3) have in part, failed to comply with the Federal Trade Commissions rules, regulations and guidelines regarding the reporting of data, consumer disputes and the process for investigations etc., all in part in violation of "FCRA", "FDCPA" and "FACTA" which has in part, caused Plaintiff to be hindered in obtaining credit, insurance, banking and financial opportunities. Also, Plaintiff incorporates by reference the foregoing paragraphs.

22. <u>Allied Interstate LLC</u>; willfully and negligently failed to validate Plaintiff's allege debt and continue to report to Credit Bureaus in Violations of FDCPA Sections 809(b).

23. <u>Allied Interstate LLC</u>; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission on or about July 2008 as evident by Experian Report #4080-3992-41 dated 4/12/2012 and in violation of FCRA 604 and Sections 1681b(a)(3)(F).

24. <u>Capio Partners</u>; willfully and negligently failed to validate Plaintiff's allege debt and continue to report to Credit Bureaus in Violations of FDCPA Sections 809(b).

25. <u>Capio Partners</u>; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission on or about 11/2011 as evident by Experian Report #4080-3992-41 dated 4/12/2012 and in violation of FCRA 604 and Sections 1681b(a)(3)(F).

26. <u>Global Payments Inc</u>; willfully and negligently failed to validate Plaintiff's allege debt and continue to report to Credit Bureaus in Violations of FDCPA Sections 809(b).

27. Global Payments Inc; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission on or about 03/2006 as evident by Experian Report #4080-3992-41 dated 4/12/2012 and in violation of FCRA 604 and Sections 1681b(a)(3)(F).

28. I C System Inc; willfully and negligently failed to validate Plaintiff's allege debt and continue to report to Credit Bureaus in Violations of FDCPA Sections 809(b).

29. I C System Inc; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission on or about 08/2009 as evident by Experian Report #4080-3992-41 dated 4/12/2012 and in violation of FCRA 604 and Sections 1681b(a)(3)(F).

30. RJM Aquisitions LLC; willfully and negligently failed to validate Plaintiff's allege debt and continue to report to Credit Bureaus in Violations of FDCPA Sections 809(b).

31. RJM Aquisitions LLC; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission on or about 12/2011 as evident by Experian Report #4080-3992-41 dated 4/12/2012 and in violation of FCRA 604 and Sections 1681b(a)(3)(F).

32. Capital One Auto Finance; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission on or about 03/28/2012 and 12/24/2010 as evident by Experian Report #4080-3992-41 dated 4/12/2012 and in violation of FCRA 604 and Sections 1681b(a)(3)(F).

33. The Home Depot/Citibak; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission on or about 08/26//2011 as evident by Experian Report #4080-3992-41 dated 4/12/2012 and in violation of FCRA 604 and Sections 1681b(a)(3)(F).

34. Consumer Portfolio Services; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission on or about 12/20/2010 as evident by Experian Report #4080-3992-41 dated 4/12/2012 and in violation of FCRA 604 and Sections 1681b(a)(3)(F).

35. <u>Portfolio Management Group/HGG</u>; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission on or about 08/02/2010 as evident by Experian Report #4080-3992-41 dated 4/12/2012 and in violation of FCRA 604 and Sections 1681b(a)(3)(F).

36. <u>AFS Acceptance</u>; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission on or about 12/20/2010 as evident by Experian Report #4080-3992-41 dated 4/12/2012 and in violation of FCRA 604 and Sections 1681b(a)(3)(F).

37. <u>Intersections/Capital One</u>; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission on or about 08/11/2011 as evident by Experian Report #4080-3992-41 dated 4/12/2012 and in violation of FCRA 604 and Sections 1681b(a)(3)(F).

38. <u>Enhanced Recovery Company LLC</u>; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission on or about 01/21/2011 and 06/04/2011 as evident by Experian Report #4080-3992-41 dated 4/12/2012 and in violation of FCRA 604 and Sections 1681b(a)(3)(F).

39. <u>Pinnacle Credit Services</u> willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission on or about October 2008 as evident by Trans Union Report #216997726 dated 05/12/2011 and 07/01/2010 as evident by Experian Report #4080-3992-41 dated 4/12/2012 and in violation of FCRA 604 and Sections 1681b(a)(3)(F).

40. <u>Harley Davidson Credit</u>, willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission on or about 02/2003 as evident by Experian Report #4080-3992-41 dated 4/12/2012 and in violation of FCRA 604 and Sections 1681b(a)(3)(F).

41. <u>Harley Davidson Credit</u>; willfully and negligently failed to validate Plaintiff's allege debt and continue to report erroneous

and inaccurate information to Credit Bureaus in Violations of FDCPA Sections 809(b).

42. <u>Continental Finance/1st Bank DE</u>; willfully and negligently failed to validate Plaintiff's allege debt and continue to report to Credit Bureaus in Violations of FDCPA Sections 809(b).

43. <u>Continental Finance/1st Bank DE</u>, willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission on or about 09/2007 as evident by Experian Report #4080-3992-41 dated 4/12/2012 and in violation of FCRA 604 and Sections 1681b (a)(3)(F).

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable and the right to amend complaint to correct in imperfections.

### PRAYER FOR RELIEF

Wherefore, Plaintiff requests that judgment be entered against Defendants for

a.) any and all damages afforded Plaintiff in accordance with applicable Federal and State Laws:

b.) The right to amend his complaint to correct defaults and/or respond to Rule 12(b)6 Motions by any Defendant.

May 8, 2012

Reginald Earl Jackson
Pro Se

P.O. Box 722460
Houston, TX 77272

Reginald Jackson FCRA/FDCPA/FACTA COMPLAINT - 9